IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Criminal Action No. 22-00097-KD-B<br>) |
| JARSON GUERRERA-MUNEZ,<br>    Defendant. | )<br>) |

### ORDER

This action is before the Court on the motion to compel the United States to file a Federal Rule of Criminal Procedure 35(b) motion, (Doc. 143, SEALED), filed by Defendant Jarson Guerrera-Munez ("Defendant"). Upon consideration, and for the reasons below, the motion is **DENIED**.

Generally, a court may not review the United States' refusal to file a substantial-assistance motion unless the defendant shows that the United States was acting with an "unconstitutional motive," such as "race or religion." Wade v. United States, 504 U.S. 181, 185–86 (1992). Such a showing must include "substantial" allegations of unconstitutional motive. Id.; United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993).

An exception to this rule applies when the United States promises to file a substantial-assistance motion in its plea agreement with the defendant. United States v. Jefferies, 908 F.2d 1520, 1527 (11th Cir. 1990). When a plea agreement has not been followed by the United States, the court can order specific performance of the agreement. Id. That is because prosecutors must fulfill promises that induce the defendant to agree to a plea. Santobello v. New York, 404 U.S. 257, 262 (1971).

But when the United States only agrees "to consider" filing a substantial-assistance motion, the United States does not breach its agreement when it decides not to file the motion. United States v. Forney, 9 F.3d 1492, 1499 (11th Cir. 1993). In such a case, judicial review is only appropriate "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." Id. at 1502.

Here, Defendant pleaded guilty to conspiracy to distribute cocaine on board a vessel. (Docs. 71, 72). Defendant was sentenced to 72 months' imprisonment. (Doc. 108). The plea agreement states that the United States agrees to file a Rule 35(b) motion if Defendant provides substantial assistance, "a decision specifically reserved by the United States in the exercise of its sole discretion." (Doc. 71 at 8). Thus, the United States has discretion to file a Rule 35(b) motion. Moreover, Defendant has not made any allegations that the United States has refused to file a substantial-assistance motion because of an unconstitutional motive. Therefore, Defendant's motion to compel the United States to file a substantial-assistance motion is **DENIED**.

**DONE** and **ORDERED** this **6th** day of **May 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**